IN THE COURT OF CRIMINAL APPEALS
OF TEXAS



NO. WR-74,155-01




EX PARTE ROSFEL GARZA, Applicant




ON APPLICATION FOR A WRIT OF HABEAS CORPUS
CAUSE NO. CR-3083-02-C IN THE 139TH DISTRICT COURT
FROM HIDALGO COUNTY



           Per curiam.
 
O R D E R

            Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of murder and
sentenced to thirty years’ imprisonment. The Thirteenth Court of Appeals dismissed his appeal.
Garza v. State, No. 13-03-00557-CR (Tex. App.–Corpus Christi 2004, no pet.).
            Applicant contends that trial counsel was ineffective because he failed to advise Applicant
that he waived his right to appeal. The trial court made findings of fact and conclusions of law and
recommended that we deny relief. We believe that the record is not adequate to resolve Applicant’s
claim. Accordingly, the trial court shall order trial counsel, Charles A. Banker III, to respond to
Applicant’s claim. The trial court may use any means set out in Tex. Code Crim. Proc. art. 11.07,
§ 3(d).
            If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If
Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an
attorney to represent him at the hearing. Tex. Code Crim. Proc. art. 26.04. 
              The trial court shall make further findings of fact and conclusions of law as to whether trial
counsel advised Applicant that he would waive his right to appeal in exchange for the State’s
recommendation on punishment. According to the record, even though Applicant waived his right
to appeal in writing, trial counsel advised Applicant that he would file his notice of appeal and would
begin working on his appeal if appointed. The trial court shall also make any other findings of fact
and conclusions of law that it deems relevant and appropriate to the disposition of Applicant’s claim
for habeas corpus relief.
            This application will be held in abeyance until the trial court has resolved the fact issues. The
issues shall be resolved within 90 days of this order. If any continuances are granted, a copy of the
order granting the continuance shall be sent to this Court. A supplemental transcript containing all
affidavits and interrogatories or the transcription of the court reporter’s notes from any hearing or
deposition, along with the trial court’s supplemental findings of fact and conclusions of law, shall
be returned to this Court within 120 days of the date of this order. Any extensions of time shall be
obtained from this Court. 


Filed: June 30, 2010

Do not publish